IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIO CARDOZA, | § | |
| TDCJ-CID NO.1247438, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2128 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Patricio Cardoza, a state inmate, seeks habeas corpus relief pursuant to

28 U.S.C. § 2254 to challenge a state court felony conviction. (Docket Entry No.1). Because

petitioner has failed to exhaust his state court remedies, the Court will dismiss this action.

Background

Petitioner reports that on December 16, 2003, he was convicted in the 351st District

Court of Harris County, Texas, of possession with intent to deliver a controlled substance, *i.e.*,

cocaine. (Docket Entry No.6). On July 8, 2004, he was sentenced to twenty-two years

confinement in TDCJ-CID and assessed a $1000 fine. (*Id.*). Petitioner did not appeal the

conviction and he has not sought collateral relief by filing a state application for writ of habeas

corpus. (*Id.*).

Petitioner filed the pending federal habeas petition in this Court on June 25, 2007.

(Docket Entry No.1). Petitioner indicates in the original petition that he is subject to removal to

Mexico upon his release from TDCJ-CID. (*Id.*). He does not challenge the order of removal in

the pending habeas action but his drug conviction on the following grounds:

1.        He was denied the effective assistance of counsel at trial;

2.      His plea was involuntary because of his trial counsel's deficient performance; and,

3.      He was subject to an unreasonable search and seizure.

(Docket Entries No.1, No.6).

### Discussion

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991).  Those statutes provide in pertinent part as follows:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that  –

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B)(i)  there is an absence of available State corrective process; or

(ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

* * * *

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c).  Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989);  *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).  Generally, exhaustion in Texas may take one of two paths:  (1) the

2

petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals.  *Myers v. Collins*, 919 F.2d 1074 (5th Cir. 1990).  A claim is exhausted when a habeas petitioner provides the highest state court with a "'fair opportunity to pass upon the claim,' which in turn requires that the applicant 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'"*Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

In this case, petitioner indicates that he has not filed a petition for discretionary review nor a state application for writ of habeas corpus.  Therefore, he has not presented the Texas Court of Criminal Appeals with an opportunity to pass upon the claims in the pending petition.  Consequently, petitioner presents unexhausted claims in this federal habeas petition.  For this reason, his petition is subject to dismissal under 28 U.S.C.§2254.

<u>Certificate of Appealability</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d

248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting Slack, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable.   Therefore, a certificate of appealability from this decision will be DENIED.

## Conclusion

Accordingly, the Court ORDERS as follows:

1.  The petition is DISMISSED WITHOUT PREJUDICE, for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2.  A certificate of appealability is DENIED.

3.  All pending motions (Docket Entries No.5, No.7, No.8) are DENIED.

Petitioner is cautioned that 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes strict time limitations for filing federal habeas petitions.  Petitioner should familiarize himself with and comply fully with these time limitations by promptly filing a federal habeas petition after the conclusion of the state habeas proceedings.

The Clerk will provide copies of this Order to the parties.

4

SIGNED at Houston, Texas on this 23rd day of August,  2007.

Melinda Harmon
United States District Judge